IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSEPH CONKO PARIZEAU, JR., | Cause No. CV 22-33-M-DLC-KLD |
| Plaintiff, | |
| vs. | ORDER |
| BENJAMIN R. ANCIAUX, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Parizeau's complaint alleging deprivation of his civil rights under 42 U.S.C. § 1983. Parizeau alleges that deputy county attorney Anciaux failed to comply with a state court's order directing the release of Parizeau's property, including a truck and a wallet. *See* Compl. (Doc. 2) at 5–6.

Defendant Anciaux moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). He contends that Parizeau does not adequately allege that he has or had custody of Parizeau's truck or that he

1

is responsible for Parizeau's inability to retrieve it. *See* Def. Br. in Supp. (Doc. 11) at 2–3; Reply (Doc. 14) at 4.

Parizeau's truck was impounded as evidence in a criminal case. The property was held at Anciaux's direction. The hold was authorized by law. In April 2018, Parizeau obtained an order for the property's return, but when he attempted to recover it, he was compelled to pay for its storage "since October 11, 2017," that is, since its impoundment. *See, e.g.*, Compl. Exs. (Doc. 2-1 at 6, 15).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted). Parizeau fairly alleges that Anciaux's intentional and authorized actions caused or contributed to causing him to lose property—the truck, the cost of its storage during the pendency of the criminal case, and/or the cost of its storage after it should have been released—without notice and an opportunity to be heard on the matter. *See, e.g.*, *Zinermon v. Burch*, 494 U.S. 113, 127, 136–39 (1990); *Shinault v. Hawks*, 782 F.3d 1053, 1057–59 (9th Cir. 2015).

At this stage of the case, Parizeau states a claim that is adequate to support further proceedings.

Accordingly, IT IS ORDERED:

1. Defendant's motion to dismiss (Doc. 10) is DENIED.

2. Referral of this matter to United States Magistrate Judge Kathleen L. DeSoto is RENEWED.

DATED this 16th day of December, 2022.

Dana L. Christensen, District Judge
United States District Court