IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSEPH CONKO PARIZEAU, JR., | CV 22-33-M-KLD |
| Plaintiff, | |
| vs. | ORDER |
| BENJAMIN ANCIAUX, | |
| Defendant. | |

Pending before the Court are Defendant Benjamin Anciaux's motion for summary judgment, (Doc. 25), and Plaintiff Joseph Conko Parizeau, Jr.'s motion for judgment on the pleadings, (Doc. 29). Based on the following discussion, the Court will grant Defendant's motion. Plaintiff's motion will be denied.

## I. FACTUAL BACKGROUND[1]

Parizeau was arrested in October, 2017, on assault charges. (Doc. 27 at 1.) As a result of his arrest, his truck, wallet, and phone were seized for evidentiary purposes. *Id*. Plaintiff's truck was searched pursuant to a search warrant on October 13, 2017, and then released to Ronan Auto Body. (Doc. 27 at 2.) The next day, Defendant filed an information charging plaintiff with four felonies. *Id*.

---

[1] These facts are drawn from the parties' Statements of Undisputed Facts ("SUF") in support of their motions. (Docs. 27 and 31.) Plaintiff's SUF does not comply with D. Mont. L.R. 56.1. However, as there is no apparent dispute as to the material and operative facts for the Court's statute of limitations analysis, it is sufficient for the purposes of this Order.

On April 10, 2018, the charges against Parizeau were dismissed. (Doc. 27 at 2.) On April 26, 2018, Parizeau filed a motion, through his counsel, for the return of his property. The motion was granted on May 14, 2018. However, Parizeau was apparently not notified of the order granting the motion. (Doc. 35 at 2.) Parizeau asserts that it was Defendant's "duty to notify the plaintiff." (*Id.*)

On September 14, 2018, the towing company that had possession of Parizeau's truck (for almost a year at that point) notified him by letter that if he did not pay storage fees and retrieve his truck, he would lose it. (Doc. 2-1 at 6.) At that time, there was no evidentiary hold on Parizeau's truck. (Doc. 27 at 3.) Parizeau asserts that his family went to retrieve his truck several times from October 2017 to May 2019 and were never able to do so. (Doc. 30 at 5.)

On February 7, 2022, Parizeau filed this action, alleging deprivation of his property without due process. (Doc. 2.)

**II. ANALYSIS**

Both parties have filed dispositive motions. (Docs. 25 and 29.) Parizeau has filed a document he has captioned a motion for judgment on the pleadings, but the Court will construe his motion as a motion for summary judgment. A motion for judgment on the pleadings asks the Court to look only at the pleadings, without considering matters outside their scope. Fed. R. Civ. P. 12(c). Parizeau has filed a Statement of Undisputed Facts in support of his motion, asking the Court to

consider matters beyond the pleadings. (Doc. 31.)

Defendant raises three arguments in support of his motion: Parizeau's claims are barred by the statute of limitations, Parizeau fails to state a claim upon which relief can be granted, and Anciaux is entitled to qualified immunity. (Doc. 26.)

Parizeau's brief relies mostly on a recitation of the facts as he construes them, and the conclusion that Anciaux "knew or should have known about the problems the Plaintiff and his family was having trying to retrieve [the] truck." (Doc. 30 at 4.) In his SUF, he asserts Anciaux's actions violated his due process rights under the Fifth and Fourteenth Amendments. (Doc. 31 at 2.).

### A. Standard for Summary Judgment

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden, the non-moving party must

go beyond the pleadings and designate by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

In a situation such as this, with cross-motions for summary judgment, the Court must determine which facts must be undisputed for either party to prevail. The Court concludes it need not address any argument other than Anciaux's statute of limitations contention. The relevant facts are when any due process claim Parizeau may have had accrued, and whether any facts establish a reason for tolling. The Court concludes that Parizeau filed his lawsuit after the statute had expired, and he is not entitled to equitable tolling.

Because § 1983 contains no statute of limitations, federal courts apply the state statute of limitations governing personal injury actions. *Wilson* v. *Garcia,* 471 U.S. 261, 280 (1985). Montana's statute of limitations for personal injury actions is three years. Mont. Code Ann. § 27-2-204(1). Parizeau filed his Complaint on February 7, 2022. Therefore, to be timely, his cause of action must have arisen on or after February 7, 2019.

On September 14, 2018, Plaintiff was advised that he would lose the title to his truck if he did not pay the outstanding storage fees to get the truck back from the towing company. (Doc. 2-1 at 6.) The letter from the towing company gave Plaintiff 60 days to pay to receive his truck. *Id.*

For this analysis only, and not as a comment on the other merits of Parizeau's claim, any claim he had for deprivation of property would have accrued, at the latest, on November 13, 2018. That is, Parizeau knew, as of that date, that he had lost his truck. Any claim he had about the cause of losing the truck, and the culpability of any defendant, was apparent as of November, 2018. Thus, he had three years to file suit and should have done so by November, 2021. Instead, Parizeau filed this suit in February, 2022.

Statutes of limitations are generally subject to equitable tolling, which means the time limit to bring a claim will be extended for certain reasons. The Montana Supreme Court, in interpreting its statutes of limitations, has applied equitable tolling in a range of circumstances. *Crane v. United States*, 634 F. Supp. 3d 946, 952 (D. Mont. 2022) (reviewing cases). However, for equitable tolling to apply in Montana, a plaintiff "must first show a reasonable good faith pursuit of one of several possible remedies." *Crane v. United States*, 634 F. Supp. 3d 946, 952 (D. Mont. 2022) (citing *Lozeau v. Geico Indem. Co.*, 350 Mont. 320, 207 P.3d 316, 319 (2009).)

Parizeau asserts he is entitled to equitable tolling. (Doc. 35 at 3 – 4.) He suggests that Anciaux was responsible for any confusion about whether the truck could be released to Parizeau, and therefore, Anciaux was an impediment to Parizeau filing suit. However, Parizeau's attorney filed and was granted a motion to release the property in May, 2018. From that point forward, lack of communication from Anciaux was immaterial.

Parizeau does not persuade that any impediment prevented his timely filing, or that he reasonably pursued a remedy. Parizeau asserts that he was diligent, relying on an affidavit from his attorney at the time. (Doc. 2-1 at 10 – 13.) This affidavit is neither signed nor sworn, so carries no evidentiary weight. Nor does it carry the persuasive weight Parizeau asks of it. The affidavit details the events surrounding his attorney's filing of the motion to release Parizeau's property. None of that relates to any actions or inaction after May, 2018, in Parizeau's pursuit of the return of his truck.

Parizeau asserts that Anciaux "fraudulently conceal his wrong doings," but there is no factual support for this assertion. (Doc. 35 at 3.) Whatever Anciaux did or did not do, by November 2018, Plaintiff believed himself to be aggrieved and to have lost his truck unfairly. He then had three unimpeded years to file, and he did not. Parizeau did not reasonably and in good faith pursue any remedy. Parizeau has provided no reason to toll the statute of limitations.

## IV. CONCLUSION

The purposes underlying the statute of limitations include finality and protection against stale and unverifiable claims. *Hahn v. Waddington*, 694 F. App'x 494, 495 (9th Cir. 2017). Parizeau waited, for no justifiable reason, more than three years to file his claim. Without passing on the merits of Anciaux's other arguments, the Court concludes that Parizeau's claim is stale; Anciaux's motion for summary judgment must be granted.

Based on the foregoing, the Court enters the following:

### ORDER

1. Defendant's motion for summary judgment is GRANTED.   (Doc. 25.)

2. Plaintiff's motion for judgment on the pleadings is DENIED. (Doc. 29.)

3. Plaintiff's motion for listing on the Court's pro bono opportunities page is DENIED as moot. (Doc. 32.)

4. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

5. The Clerk of Court is also directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 8th day of November, 2023.

Kathleen L. DeSoto
United States Magistrate Judge